CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 0 8 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| JOSEPH DWAYNE SOLOMON, | ) |
|     Petitioner, | ) Civil Action No. 7:06CV00717 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| TERRY O'BRIEN, | ) By: Hon. Glen E. Conrad |
|     Respondent. | ) United States District Judge |

The petitioner, Joseph Dwayne Solomon, a federal inmate proceeding pro se, filed this action as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Solomon challenges the Federal Bureau of Prisons' computation of his parole violation sentence. For the following reasons, the court concludes that the petition must be dismissed, without prejudice, for failure to exhaust administrative remedies.

It is well established that a federal inmate must first exhaust administrative remedies before filing a § 2241 petition challenging the computation of his sentence. See United States v. Harris, 11 Fed. Appx. 108 (4th Cir. 2001) (citing United States v. Wilson, 503 U.S. 329, 334-37 (1992)). Failure to exhaust may only be excused by a showing of cause and prejudice. McClung v. Shearin, 90 Fed. Appx. 444, 445 (4th Cir. 2004).

In this case, it is clear from Solomon's petition that he has not exhausted his administrative remedies, and he has provided no valid excuse for his failure to do so. While Solomon argues that he is not required to exhaust his administrative remedies since he is seeking habeas relief rather than monetary damages, this argument is clearly without merit. See Harris, supra. Accordingly, Solomon's petition must be dismissed without prejudice.

The Clerk is directed to send certified copies of this memorandum opinion and the

accompanying order to the petitioner.

**ENTER**: This 8th day of December, 2006.

*/s/ Glen Conrad*
United States District Judge

2